LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ADAM L. PERLMAN
(202) 434-5244
aperlman@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)



April 2, 2012

**VIA HAND DELIVERY**
The Honorable Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

    Re:   *CLS Bank v. Alice Corporation*, No. 2011-1301

Dear Mr. Horbaly:

Pursuant to FRAP 28(j), I write in response to Mr. Glassman's March 28 letter regarding *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, No. 10-1150 (S. Ct. March 20, 2012).

First, *Mayo* does not affect the validity of Alice's system claims. *Mayo* nowhere holds or suggests that a computer system—a concrete "machine"—becomes an abstract idea if the computer is programmed in a certain way, or that a system's patent-eligibility as a machine depends upon whether the process that the machine performs would be separately patentable. To the contrary, *Mayo* discussed with approval *Neilson v. Harford*, which upheld a claim to an apparatus



The Honorable Jan Horbaly
April 2, 2012
Page 2

using a law of nature, even though the law itself was unpatentable. *Id.* at 14-15. *Mayo* thus does nothing to undermine this Court's *en banc* decision in *In re Alappat*, 33 F.3d 1326 (Fed. Cir. 1994), that a programmed computer is a patent-eligible machine, irrespective of whether the process that the machine performs would be patentable standing alone.

Alice's method claims also remain patent-eligible after *Mayo*. *Mayo* reaffirmed that while an abstract idea is not patentable, an application of it is. *Mayo*, slip op. at 3. Alice's claims do not simply recite an abstract idea and then say "apply it." *See id.* Alice does not claim the idea of using an intermediary to exchange obligations; rather, it claims a particular computerized way of performing an exchange, using a specific configuration of real-world and shadow accounts and a particular series of steps. *E.g.*, Alice Br. 47-50. Contrary to CLS's suggestion, the patent-eligibility of Alice's claims is not determined by whether a computer is a "conventional element," CLS Letter at 1-2; the question is whether Alice's claimed use of a computer to perform exchanges in this particular way is simply "a drafting effort designed to monopolize [a] law of nature [or abstract idea] itself." *Id.* (quoting *Mayo*, slip op. at 8-9). It is not. Not only do Alice's claims not monopolize any abstract idea, but there is nothing "obvious, already in

The Honorable Jan Horbaly
April 2, 2012
Page 3

use, or purely conventional," *Mayo*, slip op. at 12, about Alice's particular computerized way of performing exchanges.

Respectfully submitted,

*/s/ Adam L. Perlman*

Adam L. Perlman

cc:  Steven J. Glassman, Esq.
     (via Federal Express)

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

ADAM L. PERLMAN
(202) 434-5244
aperlman@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)



April 2, 2012

**VIA HAND DELIVERY**
The Honorable Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   *CLS Bank v. Alice Corporation*, No. 2011-1301

Dear Mr. Horbaly:

On behalf of Appellant Alice Corporation Pty. Ltd., pursuant to FRAP 28(j), I herewith submit an original and six (6) copies of a letter to the Court responding to Mr. Glassman's March 28, 2012 letter citing supplemental authority. Copies have also been served by Federal Express on all parties, as indicated on the letter.

I have also enclosed an additional copy of the aforementioned letter, and respectfully request that the Clerk's Office file-stamp that copy with the date and time of receipt and return it to the messenger.

Respectfully submitted,

Adam L. Perlman

Enclosures

cc: Steven J. Glassman, Esq.
(via Federal Express)